## St. Cloud Water-Power & Mill Company vs. Mississippi & Rum River Boom Company.

### June 2, 1890.

**Dam—Precautions against Injury from Logs.**—Under the authority given plaintiff by act of congress to construct a dam across the Mississippi river at St. Cloud, it is for the plaintiff to do what is necessary to protect its dam from the consequences of jams of logs floating down the river, caused by the slack-water which the dam creates. If to prevent such jams, and protect the dam against the consequences of them, it be necessary to employ men to get the logs past the slack-water, it is for plaintiff to employ them.

Appeal by plaintiff from a judgment of the district court for Stearns county, where the action (brought to recover $618 damages for injuries to plaintiff's dam) was tried by *Baxter, J.*, a jury being waived.

*Reynolds & Stewart,* for appellant.

*Jackson & Atwater,* for respondent.

GILFILLAN, C. J. The plaintiff is a corporation under the laws of this state, authorized by various acts of the legislature to construct a dam across the Mississippi river at St. Cloud. The consent of congress to the construction of such dam was given by chapter 231, Acts Cong. 1883–84, (23 U. S. St. at Large, 154.) The act granting such consent contains this proviso: "*Provided, further,* that the works be constructed so as to provide for the free passage of saw-logs and rafts, and, when necessary, to permit the passage of boats." There can be no question of the power of the legislature, with the sanction of congress, to authorize the construction of a dam across the river, although it is a navigable stream; nor of the power, especially of congress, to impose upon the right granted such restrictions and conditions, as to the kind of dam and manner of construction, as might be deemed best to protect the interest of those engaged in navigating the river, in floating logs or otherwise. The plaintiff was bound, therefore, if it constructed the dam, to so construct it as to provide for the free passage of saw-logs and rafts. The provision

for that purpose made by plaintiff in its dam was a deep sluiceway, 88 feet wide, "of sufficient size and capacity to float all logs that come down the river through the same, when, and only when, such logs· are properly managed and attended to;" and sheer-booms above and leading to the sluiceway, of sufficient strength and capacity to guide safely all logs coming down the river into and through the sluiceway, when such logs are properly attended and managed; that one or two competent persons would be necessary and sufficient for that purpose. Unless so managed and cared for, they will collect in large numbers, and pile one upon another, causing a jam in the slow current above and caused by the dam; and when so collected the booms are not strong enough to resist the pressure of the logs against them, and by reason thereof the logs would break the booms, spread out over the river, and run over the dam at places other than the sluiceway.    The defendant is a corporation authorized by acts of the legislature to take control of and float down the river all logs coming down the river between Brainerd and Minneapolis.    In 1888 logs in its control came down the river, and by reason of not being properly managed and cared for, by not having enough men stationed at the sheer-booms and sluiceway to keep them moving down between the booms and in the sluiceway, a jam was formed, which broke the booms, and the logs spread out over the river, and floated over the dam at other places than the sluiceway, and injured the dam.    The action is to recover for so injuring it.    The foregoing facts are stated from the findings of fact made by the court below.

We understand the proper care and management, and the necessity of having one or two men employed for that purpose, mentioned in the findings, to refer, not to the matter of floating logs down the river generally, but to the necessity created by the presence of the dam, and the slack-water caused by it; in other words, that it is necessary to have one or two competent men in attendance to get the logs past the slack-water, and so avoid jams and the breaking of the booms.    The question in the case is, whose duty is it (plaintiff's or defendant's) to provide the care and management necessary to protect plaintiff's property from the danger caused by the effect of the slack-water which the dam creates?    We cannot avoid the conclu-

sion that it is the plaintiff's, it having lawful authority to construct the dam, providing "for the free passage of saw-logs and rafts." Whatever inconvenience may necessarily arise from the presence of the dam, constructed as prescribed, to those floating logs down the river, they must submit to. That, it must be presumed, was in the mind of congress in passing the act referred to. This is the only additional burden imposed on them. If the dam and the means provided to secure free passage of saw-logs and rafts render precautions necessary to protect the dam and plaintiff's property, it is for it to take such precautions. When it has taken reasonable precautions, if, notwithstanding such, the dam should be injured by negligence in the manner of floating logs or rafts to or over it, those guilty of such negligence would be liable. That is not this case. The only neglect charged is in not providing men to overcome the effect of the slack-water caused by the dam and the means provided to allow the free passage of logs and rafts.

Judgment affirmed.